1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

9 ANTWOINE BEALER,

10          Plaintiff,

11     v.

12 KERN VALLEY STATE PRISON,

13          Defendant.

14

Case No.  1:16-cv-00367-DAD-SKO (PC)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**(Doc. 1)**

**TWENTY-ONE DAY DEADLINE**

15                    __INTRODUCTION__

16     **A.     Background**

17          Plaintiff, Antwoine Bealer, is a state prisoner proceeding *pro se* in this civil rights action

18 pursuant to 42 U.S.C. § 1983.  As discussed below, Plaintiff fails to state a cognizable claim upon

19 which relief may be granted and the Complaint is DISMISSED with leave to file a first amended

20 complaint.

21     **B.     Screening Requirement and Standard**

22          The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

24 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

26 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

27 § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

28 paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

1  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2  **C.     Pleading Requirements**

3  **1.     Federal Rule of Civil Procedure 8(a)**

4  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

5  exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534

6  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain

7  statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).

8  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

9  the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

10  Violations of Rule 8, at both ends of the spectrum, warrant dismissal.  A violation occurs

11  when a pleading says too little -- the baseline threshold of factual and legal allegations required

12  was the central issue in the *Iqbal* line of cases.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678,

13  129 S.Ct. 1937 (2009).  The Rule is also violated, though, when a pleading says *too much*.

14  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e

15  have never held—and we know of no authority supporting the proposition—that a pleading may

16  be of unlimited length and opacity.  Our cases instruct otherwise.") (citing cases); *see also*

17  *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8,

18  and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case

19  impose unfair burdens on litigants and judges").

20  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

21  cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556

22  U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

23  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

24  plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

25  allegations are accepted as true, but legal conclusions are not.  *Iqbal,* at 678; *see also Moss v. U.S.*

26  *Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

27  While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*,

28  580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible. He should simply state which of his constitutional rights he feels were violated by each Defendant and its factual basis. Plaintiff need not and should not cite legal authority for his claims in a first amended complaint. His factual allegations are accepted as true and need not be bolstered by legal authority at the pleading stage. If Plaintiff files a first amended complaint, his factual allegations will be screened under the legal standards and authorities stated in this order.

### 2.     Federal Rule of Civil Procedure 18(a) & 20(a)(2)

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the

claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties.  The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) does not necessarily make claims related for purposes of Rule 18(a).  Claims based on events that occurred at separate penal facilities are generally not related and may not be brought in a single action.  All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal.  Plaintiff is cautioned that if he fails to elect which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims should proceed and which claims will be dismissed.  *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013).  Whether any claims will be subject to severance by future order will depend on the viability of the claims pled in the amended complaint.

### 3.   Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013);

4

1    *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).  The only Defendant Plaintiff named in

2    this action is Kern Valley State Prison and he fails to name and link any individual defendant(s)

3    to the events that he feels violated his federal rights.

4         If Plaintiff chooses to file an amended complaint, his allegations must demonstrate that

5    *each* defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297

6    F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to

7    state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d

8    962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this

9    plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

10                                    **DISCUSSION**

11        **A.**     **Plaintiff's Allegations**

12        Plaintiff is currently incarcerated at High Desert State Prison ("HDSP").  Plaintiff

13   contends that, in 2010, while housed at KVSP he was wrongly placed in the Administrative

14   Segregation Unit ("ASU") for refusing to "compact" celling (move into a cell with another

15   inmate).  In approximately September of 2011, Plaintiff was released to the general population

16   and was single-celled.  Plaintiff alleges that even though the issue was resolved in 2010-2011, in

17   May 9, 2014, he was placed in ASU for approximately seven months and the 2010 incident was

18   wrongly used as an aggravating factor to place him in more restrictive housing in the Security

19   Housing Unit ("SHU") where he remains.  Plaintiff alleges that these events violated his rights to

20   due process, [1] equal protection, to be free from cruel and unusual punishment, and to not be

21   subjected to double jeopardy.

22        As discussed in detail below, Plaintiff has not stated any cognizable claims.  However, he

23   is given the pleading standards with which he must comply, the legal standards for his stated

24   claims, and opportunity to file a first amended complaint.

25   / / /

26

---

27   [1] Plaintiff's request to proceed on retaliation and due process claims based on the 2014 placement in ASU
     and concomitant loss of personal property have been considered and denied.  *See Bealer v. KVSP Warden*,
28   East.D.C. Cal., Case No. 1:12-cv-1516-DAD-EPG (PC), Doc. 33.

**B.**     **Legal Standards**

**1. Statute of Limitations**

Prisoners generally have four years from the date the claim accrues to file their action. *See Wallace v. Kato,* 549 U.S. 384, 387–88 (2007) (applicable statute of limitations is California's statute of limitations for personal injury actions; Cal. Civ. Proc. Code § 335.1 (establishing a two-year statute of limitations in § 1983 cases); and California Civil Procedure Code § 352.1(a) (providing a tolling of the statute of limitations for two years for persons imprisoned on a criminal charge). Here, March 17, 2012 is the determinative date regarding the timeliness of Plaintiff's claims. Thus, any claims based on events prior to May 17, 2012 are barred and SHALL NOT be included in a first amended complaint.

**2.     Due Process**

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Those who seek to invoke its procedural protection must establish that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "[L]awfully incarcerated persons retain only a narrow range of protected liberty interests." *Chapell v. Mandeville*, 706 F.3d 1052, 1062-63, quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." *Wilkinson*, at 221.

"Only the most extreme changes in the conditions of confinement have been found to directly invoke the protections of the Due Process Clause. *Chappell*, 706 F.3d at 1063 citing *Vitek v. Jones*, 445 U.S. 480, 493-94 (1980) (involuntary commitment to a mental institution), *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (forced administration of psychotropic drugs). Conditions that do not rise to this level are not cognizable under the Due Process Clause of the Fourteenth Amendment. *Id.* However, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

1    The Ninth Circuit has explicitly found that placement administrative segregation "is the

2    sort of confinement that inmates should reasonably anticipate receiving at some point in their

3    incarceration" and is not actionable. *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th

4    Cir.1986).  However, retention in the security housing unit ("SHU") may cause a deprivation of

5    liberty interest where the nature of those conditions impose an atypical and significant hardship in

6    relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 222-23 (citing *Sandin v.

7    Conner*, 515 U.S. 472, 484 (1995)) (quotation marks omitted); *Brown v. Oregon Dep't of Corr.*,

8    751 F.3d 983, 987 (9th Cir. 2014).  Only those conditions which impose "atypical and significant

9    hardship . . . in relation to the ordinary incidents of prison life" give rise to a protected state-

10   created liberty interest.  *Wilkinson*, 545 U.S. at 222-23 (citing *Sandin*, 515 U.S. at 484) (internal

11   quotation marks omitted); *Brown*, 751 F.3d at 987.   Where conditions in the SHU are

12   substantially similar to those in the general population, neither a state regulation mandating

13   conditions for SHU placement and terms, nor the Due Process Clause itself, afford a prisoner a

14   protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*.

15   *Sandin*, 515 U.S. 472 (conditions in SHU nearly identical to those in general population and

16   general population had numerous lock-down events in any given time frame).

17   "There is no single standard for determining whether a prison hardship is atypical and

18   significant, and the 'condition or combination of conditions or factors . . . requires case by case,

19   fact by fact consideration.'"  *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting

20   *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)).  Courts "may consider '(1) whether the

21   challenged condition mirrored those conditions imposed upon inmates in administrative

22   segregation and protective custody, and thus comported with the prison's discretionary authority;

23   (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's

24   action will invariably affect the duration of the prisoner's sentence.'"  *Brown v. Oregon Dept. of

25   Corrs.*, 751 F.3d 983, 989-90 (9th Cir. 2014) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th

26   Cir. 2003)).

27   Plaintiff does not state a cognizable claim as he fails to state any allegations regarding the

28   conditions of his confinement to show deprivation of a liberty interest.

### 3.     Cruel and Unusual Punishment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).  To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions of confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard*, 887 F.2d at 137.  Amorphous "overall conditions" cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

Plaintiff fails to state a conditions of confinement claim as he fails to set forth any factual allegations pertaining to his housing conditions in the ASU, the SHU, or in general population.

### 4.     Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249

(1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), see also *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) plaintiff is a member of an identifiable class; (2) plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.

Further, to establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997). Plaintiff fails to state a cognizable equal protection claim as he fails to state *any* factual allegations that address *any* of the requisite elements.

### 5.   Double Jeopardy

The guarantee against double jeopardy protects against a second prosecution for the same offense after a prior acquittal or conviction, and against multiple punishments for the same offense. *See Witte v. United States*, 515 U.S. 389, 395-96 (1995); *United States v. DiFrancesco*,

449 U.S. 117, 129 (1980). These protections govern prosecutions and sentences carried out in state and federal court based on criminal charges. This Court is aware of no authority for the proposition that the Double Jeopardy protections apply to administrative decisions by prison officials to segregate their inmates, or that these protections apply in any context other than state or federal court. Plaintiff cannot state a cognizable double jeopardy claim.

### 6.    Eleventh Amendment Immunity

Plaintiff may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). Likewise, the Eleventh Amendment bars suits against state agencies. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Id.* (citation omitted). Because the KVSP is a part of the California Department of Corrections, which is a state agency, it is entitled to dismissal based on Eleventh Amendment.

### <u>ORDER</u>

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint, or a notice of voluntary dismissal within **twenty-one (21) days**. Any first amended complaint shall not exceed **twenty-five (25) pages** exclusive of exhibits. Plaintiff shall file a motion seeking an extension of time, if needed, to comply with this order no later than

1   **twenty-one (21) days** from the date of service of this order.

2           Plaintiff must demonstrate in any first amended complaint how the conditions complained

3   of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d

4   227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named

5   defendant is involved.  There can be no liability under section 1983 unless there is some

6   affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo*

7   *v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.*

8   *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

9           Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and

10  plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon

11  which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v.*

12  *Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be

13  [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555

14  (2007) (citations omitted).

15          Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v.*

16  *Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29,

17  2012) (en banc), and must be "complete in itself without reference to the prior or superceded

18  pleading,"  Local Rule 220.

19          The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified

20  by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff

21  may not change the nature of this suit by adding new, unrelated claims in his first amended

22  complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

23          Based on the foregoing, it is HEREBY ORDERED that:

24      1.      Plaintiff's Complaint is dismissed, with leave to amend;

25      2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

26      3.      Within **twenty-one (21) days** from the date of service of this order, Plaintiff must

27              file a first amended complaint curing the deficiencies identified by the Court in

28              this order or a notice of voluntary dismissal; and

11

4.      **If Plaintiff fails to comply with this order, recommendation will issue that this action be dismissed for failure to obey a court order and for failure to state a cognizable claim.**

IT IS SO ORDERED.

Dated:   __**January 27, 2017**__                    _____ /s/ *Sheila K. Oberto* _____
                                                                    UNITED STATES MAGISTRATE JUDGE

12