# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>    Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON,<br><br>    Defendant. | Case No. 1:16-cv-00367-DAD-SKO (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT AND SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Docs. 13, 14)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## BACKGROUND

Plaintiff, Antwoine Bealer, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleged that, in 2010, while housed at KVSP he was wrongly placed in the Administrative Segregation Unit ("ASU") for refusing to "compact" celling (move into a cell with another inmate). (Doc. 1.) In approximately September of 2011, Plaintiff was allegedly released to the general population and was single-celled. (*Id.*) Plaintiff also alleged that even though the issue was resolved in 2010-2011, in May 9, 2014, he was placed in ASU for approximately seven months and the 2010 incident was wrongly used as an aggravating factor to later place him in more restrictive housing in the Security Housing Unit ("SHU") where he remains. (*Id.*) Plaintiff alleged that these events violated his rights to due process, equal protection, to be free from cruel and unusual punishment, and to not be subjected to double jeopardy. (*Id.*) The Complaint was screened and dismissed with leave to amend as Plaintiff failed to state a cognizable claim. (Doc. 10.) Plaintiff filed a First Amended Complaint (Doc. 13), and subsequently, a Second Amended Complaint (Doc. 14).

1

# **ANALYSIS**

The First Amended Complaint exceeds the leave to amend granted in the first screening order. In the First Amended Complaint, Plaintiff now alleges:

> While at KVSP detained in the "administrative segregation unit (ASU) for the false charge of threatening an peace officer, I was continually subjected to harassment and sexual assault by male correctional officers. I sent inmate request slips to the sergeant in the unit, but I never received an (sic) response nor did the harassment and assaults stop.
> I then submitted an (sic) 602 administrative appeal, and exhausted my remedies to the third level. While housed in the ASU, I was retaliated against by CDC"R" staff for submitting and maintaining an (sic) suit against Sergeant Brannum and Officer Rios for unnecessary and excessive force and Sergeant Epperson for sexual assault, amongst other CDC"R" staff. I was subjected to sexual assault in the form of officers shining their flashlights onto my groin area while I was lying on the bunk, when they did their security checks. I was also harassed by officers shining their flashlights into my eyes while doing security checks. I was housed at KVSP for approximately, six (6) years, so I do not believe sexual assault is an (sic) custom, at least of heterosexual and nontransgendered (sic) prisoners, but I do believe retaliation and harassment of inmates who have assaults on staff in their file or who submit administrative appeals or suits, is an (sic) custom, and I was, sexually assaulted.

The order that screened Plaintiff's original complaint explicitly stated that "Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint." (Doc. 10, p. 11 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).) Despite this direction, Plaintiff changed both the nature of his claims and the prison employees who allegedly violated his civil rights. Accordingly, the First Amended Complaint is dismissed since it exceeded the leave to amend previously granted.

The document filed as a second amended complaint is not an amended complaint. Instead of stating factual allegations, the second amended complaint sets forth a number of arguments as to why Plaintiff should not be required to amend his original complaint, and additional legal arguments regarding Plaintiff's belief that he should be allowed to proceed on his original complaint. (Doc. 14.)

Neither the First nor Second Amended Complaints comply with the order that screened and dismissed the original Complaint and, to the extent that they are considered pleadings, both are dismissed. Plaintiff is granted **one last opportunity** to amend his allegations based on the

claims raised in the original Complaint and standards stated in the screening order.

**ORDER**

For the reasons set forth above, Plaintiff's First and Second Amended Complaints are dismissed with leave to file a third amended complaint, or a notice of voluntary dismissal within **twenty-one (21) days**. Any first amended complaint shall not exceed **twenty-five (25) pages** in length, exclusive of exhibits. Plaintiff shall file a motion seeking an extension of time, if needed, to comply with this order no later than **twenty-one (21) days** from the date of service of this order.

Plaintiff must demonstrate in any third amended complaint how the alleged conditions have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's third amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is also reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended

complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). **If Plaintiff violates this direction again, it will be recommended that the action be dismissed based on Plaintiff's failure to obey a court order.**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First and Second Amended Complaints are dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form, a copy of the original complaint, filed on March 17, 2016, (Doc. 1), and a copy of the Order Dismissing Complaint With Leave to Amend, issued on January 27, 2017, (Doc. 10);
3. **Within twenty-one (21) days** from the date of service of this order, Plaintiff must file a third amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. **If Plaintiff fails to comply with this order, a recommendation will issue that this action be dismissed for failure to obey a court order and for failure to state a cognizable claim.**

IT IS SO ORDERED.

Dated: **August 18, 2017** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE