# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER, | Case No. 1:16-cv-00367-LJO-SKO (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| v. | |
| KERN VALLEY STATE PRISON, | **(Doc. 19)** |
| Defendant. | **TWENTY-ONE (21) DAY DEADLINE** |

**I. FINDINGS**

**A. Background**

Plaintiff, Antwoine Bealer, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff brings this action based on his placement in the Administrative Segregation Unit ("ASU") at Kern Valley State Prison ("KVSP") in May of 2014. As discussed below, despite previously receiving the applicable standards, Plaintiff fails to state a cognizable claim upon which relief may be granted. This action should thus be DISMISSED.

**B. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

  **C.** **Pleading Requirements**

    **1.** **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the

plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

### 2. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).

To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011). The only Defendant Plaintiff named in this action is the KVSP Warden. However, Plaintiff fails to mention the Warden in his factual allegations, let along link the Warden to any of the factual allegations of events that he believes violated his federal rights in this action. As discussed in greater detail below, Plaintiff's allegations do not demonstrate a deprivation of his rights, let alone that the circumstances of which he complains were caused by Warden of KVSP. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

## II. DISCUSSION

### A. Summary of the Amended Complaint

Plaintiff alleges:[1]

> On 5/9/2014, at approximately 10:00 o'clock AM, I was preparing for an job assignment that started at 12:00 o'clock PM – In A5, A6 dining in Kern Valley State Prison. The Floor Officer came to the door and said that the counselor wanted me to compact cells with an inmate down the tier due to a bus that came in with "59" inmates, and if I did not compact, the counselor would give me a 115 Rule Violation Report (RVR). I told him that I would not compact. He left and then came back with the other floor officer and said that the sergeant wanted to talk to me in the program office. They told me to

---
[1] This is the entirety of Plaintiff's factual allegations.

3

"cuff up," I complied and was taken to the program office. After approximately three (3) or four (4) hours, I was taken to the administrative segregation unit (ASU) without talking to the sergeant. (See "Amended Complaint"/Memorandum.)

(Doc. 19, pp. 3-4.)

In the "Amended Complaint"/Memorandum (*id.*, pp. 7-12), Plaintiff cites a number of legal authorities, repeats the above factual allegations verbatim, and concludes that his factual allegations are "adequate for screening and complies with Rule 8." Plaintiff alleges that these events violated his rights to due process, equal protection, to be free from cruel and unusual punishment, and to not be subjected to double jeopardy. For the reasons discussed in detail below, Plaintiff has not stated any cognizable claims. Because Plaintiff has twice been given the applicable standards for his claims, it is apparent that he is unable to state a cognizable claim and this action should be dismissed.

### B. Legal Standards

#### 1. Due Process

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Those who seek to invoke its procedural protection must establish that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "[L]awfully incarcerated persons retain only a narrow range of protected liberty interests." *Chapell v. Mandeville*, 706 F.3d 1052, 1062-63, quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." *Wilkinson*, at 221.

"Only the most extreme changes in the conditions of confinement have been found to directly invoke the protections of the Due Process Clause. *Chappell*, 706 F.3d at 1063 citing *Vitek v. Jones*, 445 U.S. 480, 493-94 (1980) (involuntary commitment to a mental institution), *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (forced administration of psychotropic drugs). Conditions that do not rise to this level are not cognizable under the Due Process Clause of the Fourteenth Amendment. *Id.* However, "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S.

4

472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Retention in the security housing unit ("SHU") may cause a deprivation of liberty interest where those conditions impose an atypical and significant hardship in relation to the ordinary incidents of prison life. *Wilkinson*, 545 U.S. at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (quotation marks omitted); *Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). Only those conditions which impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" give rise to a protected state-created liberty interest. *Wilkinson*, 545 U.S. at 222-23 (citing *Sandin*, 515 U.S. at 484) (internal quotation marks omitted); *Brown*, 751 F.3d at 987.

Where conditions in the SHU are substantially similar to those in the general population, neither a state regulation mandating conditions for SHU placement and terms, nor the Due Process Clause itself, afford a prisoner a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. *Sandin*, 515 U.S. 472 (conditions in SHU nearly identical to those in general population, and general population had numerous lock-down events in any given time frame). The Ninth Circuit has explicitly found, however, that placement in administrative segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration" and is not actionable. *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir.1986). Plaintiff does not state a cognizable claim as he fails to set forth any allegations regarding the conditions of his confinement in the ASU that amount to a deprivation of a liberty interest.[2]

### 2. <u>Cruel and Unusual Punishment</u>

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v.*

---

[2] The court notes that Plaintiff's request to proceed on retaliation and due process claims based on the May 2014 placement in ASU and concomitant loss of personal property have been considered and denied. *See Bealer v. KVSP Warden*, East.D.C. Cal., Case No. 1:12-cv-1516-DAD-EPG (PC), Doc. 33.

5

*Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

Objectively, extreme deprivations are required to make out a conditions of confinement claim and only those deprivations that deny the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution " 'does not mandate comfortable prisons,' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 349), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard*, 887 F.2d at 137. Amorphous "overall conditions" cannot rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

Plaintiff cannot set forth a conditions of confinement claim as he has failed to set forth any factual allegations pertaining to his housing in the ASU which subjected him to a sufficiently serious condition to amount to an excessive risk to his health or safety.

### 3. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To

state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), see also *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.

To establish a violation of the Equal Protection Clause, the prisoner must also present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997). Plaintiff fails to state a cognizable equal protection claim as he fails to state *any* factual allegations that address *any* of the requisite elements.

### 4. Double Jeopardy

The guarantee against double jeopardy protects against a second prosecution for the same offense after a prior acquittal or conviction, and against multiple punishments for the same offense. *See Witte v. United States*, 515 U.S. 389, 395-96 (1995); *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980). These protections govern prosecutions and sentences carried out in state and federal courts based on criminal charges. This Court is aware of no authority for the proposition that the Double Jeopardy protections apply to administrative decisions by prison

officials to segregate their inmates, or that these protections apply in any context other than state or federal court proceedings. Plaintiff cannot state a cognizable double jeopardy claim.

### III. CONCLUSION

Plaintiff fails to state any cognizable claims in this action. (Doc. 19.) Given that Plaintiff has had multiple pleading attempts in this action, it appears futile to allow further amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to the action. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 15, 2018**      /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE